RUSSELL S. CORRELL AND KELLY L. CORRELL, PETITIONERS-APPELLEES v.
DIVISION OF SOCIAL SERVICES AND DIVISION OF MEDICAL
ASSISTANCE, NORTH CAROLINA DEPARTMENT OF HUMAN
RESOURCES, RESPONDENTS-APPELLANTS

No. 406PA91

(Filed 17 July 1992)

**Social Security and Public Welfare § 1 (NCI3d)— Medicaid—
contiguous property exclusion—ownership of primary residence
not required**

Applicants for Medicaid benefits for medically needy persons are not required to own their primary place of residence in order for property contiguous to their residence to be excluded from their assets under N.C.G.S. § 108A-55 for purposes of determining their eligibility for Medicaid benefits. Therefore, Medicaid benefits were improperly denied on the ground that the applicants owned a small tract of land contiguous to their rented primary residence.

**Am Jur 2d, Welfare Laws §§ 38-41.**

**Eligibility for welfare benefits, under maximum-assets limitations, as affected by expenditures or disposal of assets. 19 ALR4th 146.**

ON discretionary review of the decision of the Court of Appeals, 103 N.C. App. 562, 406 S.E.2d 633 (1991), reversing the judgment entered by *Gray, J.*, on 15 December 1989, in the Superior Court, GASTON County. Heard in the Supreme Court on 13 May 1992.

*Turner, Enochs, and Lloyd, P.A., by Wendell H. Ott, Thomas E. Cone, and Laurie S. Truesdell, for the petitioner-appellants.*

*Lacy H. Thornburg, Attorney General, by Robert J. Blum, Special Deputy Attorney General, and Jane T. Friedensen, Assistant Attorney General, for the respondent-appellees.*

MITCHELL, Justice.

This is an action involving interpretation of the North Carolina statutory scheme governing eligibility for benefits from the Medicaid program. The primary issue before this Court is whether N.C.G.S.

§ 108A-55 requires that Medicaid applicants own their primary place of residence in order to exclude property they own contiguous to their residence from their assets for purposes of determining their eligibility for Medicaid benefits. We conclude that no such ownership requirement exists. Accordingly, we reverse the decision of the Court of Appeals.

The facts of this case are not in dispute. The petitioners Russell and Kelly Correll rent the home in which they live. They have lived in this home for fourteen years, and it is their primary place of residence. The petitioners purchased a small tract of land directly across a street from their residence in 1988. All parties to this action agree that the petitioners' land is "contiguous" to their residence and has a tax value of $3,640.00.

The petitioners applied for Medicaid benefits on 28 November 1988. Their Medicaid application was denied by the Gaston County Department of Social Services on 6 January 1989 on the ground that the petitioners owned the small tract of land contiguous to their residence. Its value of $3,640.00 caused the value of the petitioners' assets to exceed the $2,350.00 maximum reserve limit, beyond which the members of a three-person household are not medically needy under 10 North Carolina Administrative Code 50B.0311(2)(b) and, thus, not entitled to Medicaid benefits. The North Carolina Department of Human Resources, Division of Social Services, ultimately issued a final agency decision on 21 June 1989 upholding denial of Medicaid benefits for the petitioners. On 19 July 1989 the Corrells petitioned the Superior Court, Gaston County, for judicial review of the final agency decision. On 15 December 1989 the Superior Court entered its judgment. The Superior Court concluded that, pursuant to N.C.G.S. § 108A-55, the petitioners' property contiguous to their principal residence must be excluded from their resources for purposes of determining their eligibility for Medicaid benefits—without regard to whether they owned their principal residence—and that the final agency decision to the contrary amounted to an error of law. For this reason, the Superior Court reversed the final agency decision and ordered that the petitioners' Medicaid application be remanded to the Gaston County Department of Social Services for a proper determination of Medicaid eligibility. The respondents appealed to the Court of Appeals.

The Court of Appeals construed N.C.G.S. § 108A-55 as requiring that applicants for Medicaid benefits own their principal place

of residence in order to take advantage of the exclusion of the value of their contiguous property for purposes of determining their entitlement to Medicaid benefits. *Correll v. Division of Social Services*, 103 N.C. App. 562, 406 S.E.2d 633 (1991). As a result, the Court of Appeals reversed the judgment of the Superior Court. We now conclude that the judgment of the Superior Court was correct. Accordingly, we must reverse the decision of the Court of Appeals and remand this case for reinstatement of the judgment of the Superior Court.

The Medicaid program was established by Congress in 1965 to provide federal assistance to states which chose to pay for some of the medical costs for the needy. *Schweiker v. Gray Panthers*, 453 U.S. 34, 69 L.Ed.2d 460 (1980); *Morris v. Morrow*, 783 F.2d 454, 456 (4th Cir. 1986). Whether a state participates in the program is entirely optional. "However, once an election is made to participate, the state must comply with the requirements of federal law." *Lackey v. N.C. Dept. of Human Resources*, 306 N.C. 231, 235, 293 S.E.2d 171, 175 (1982). To qualify for federal Medicaid grant funds, the state must develop a coherent plan for medical assistance as prescribed by federal guidelines. *Id.*; 42 U.S.C. § 1396a (1984). North Carolina has elected to participate in the Medicaid program and outlined its plan for medical assistance by the enactment of Chapter 108 of the General Statutes of North Carolina, now recodified as Chapter 108A.

Upon a state's election to participate in the Medicaid program, the state must provide medical assistance to a group termed the "categorically needy." *Morrow*, 783 F.2d at 456. This group includes people who are entitled to general welfare assistance under four programs: Old Age Assistance; Aid to Families With Dependent Children; Aid to the Blind; and Aid to the Permanently and Totally Disabled. *Id.* Additionally, the state has the option to provide Medicaid benefits to people deemed "medically needy." These people can become eligible for benefits only if their income and assets are insufficient to provide them with basic remedial health care and services. *Id.* North Carolina has opted to provide Medicaid benefits to such "medically needy" people who meet the income and resources limitations established by the General Assembly. N.C.G.S. §§ 108A-54, 55 (1988).

The statute governing the question present before this Court provides in relevant part that:

CORRELL v. DIVISION OF SOCIAL SERVICES

[332 N.C. 141 (1992)]

When determining whether a person has sufficient resources to provide necessary medical care, there shall be excluded from consideration the person's primary place of residence and the land on which it is situated, and in addition *there shall be excluded real property contiguous with the person's primary place of residence* in which the property tax value is less than twelve thousand dollars ($12,000).

N.C.G.S. § 108A-55 (emphasis added). The Court of Appeals held that the petitioners were not entitled to the benefit of the "contiguous property" exclusion provided by the statute because they did not own their primary place of residence. *Correll*, 103 N.C. App. at 568, 406 S.E.2d at 637. The Court of Appeals reasoned that this statute merely was designed to protect homesite property so as not to force homeowners to give up their homes in order to qualify for Medicaid benefits. *Id.* at 569, 406 S.E.2d at 637. Based on such reasoning, the Court of Appeals concluded that "[o]nly if the exclusion of contiguous property is dependent on the exclusion of an owned homesite would the policy of protecting applicants' ownership of their homes be furthered." *Id.* We disagree with the Court of Appeals' interpretation of N.C.G.S. § 108A-55 and conclude that Medicaid applicants are not required to own their primary places of residence before being entitled to the benefit of the contiguous property exclusion.

Statutory interpretation properly begins with an examination of the plain words of the statute. *Electric Supply Co. v. Swain Elec. Co.*, 328 N.C. 651, 656, 403 S.E.2d 291, 294 (1991). The legislative purpose of a statute is first ascertained by examining the statute's plain language. *Id.* "When the language of a statute is clear and unambiguous, there is no room for judicial construction, and the courts must give it its plain and definite meaning." *Lemons v. Boy Scouts of America, Inc.*, 322 N.C. 271, 276, 367 S.E.2d 655, 688, *reh'g denied*, 322 N.C. 610, 370 S.E.2d 247 (1988). Here, the plain statutory language is clear; the only requirements the legislature prescribed for an applicant to receive the benefit of the "contiguous property" exclusion provided by N.C.G.S. § 108A-55 were that the property be "contiguous" to the applicant's primary place of residence and that the tax value of the property excluded be below twelve thousand dollars ($12,000).

It is undisputed that the house the petitioners rent and occupy is their primary place of residence. The property in question is

"contiguous" to the petitioners' primary place of residence and has a tax value of only $3,640.00. No requirement that the applicant own his or her primary place of residence appears at any point in the plain language of the statute. If our General Assembly had intended to require that applicants own their primary places of residence before receiving the advantage of the contiguous property exclusion contained in N.C.G.S. § 108A-55, we must assume that it would have included plain language to that effect in the other plain language of the statute. *See Lemons*, 322 N.C. at 277, 367 S.E.2d at 658.

Our interpretation of the statute is also consistent with one of the basic purposes of the Medicaid program, which is to provide medical assistance to needy families whose income and resources are insufficient to meet these costs. 42 U.S.C. § 1396 (1984). Our interpretation avoids giving N.C.G.S. § 108A-55 a statutory construction that defeats the statute's purpose or results in unjust consequences. *Sutton v. Aetna Casualty & Surety Co.*, 325 N.C. 259, 265, 382 S.E.2d 759, 763 (1989). In the present case, such unjust consequences clearly would result from adopting the respondents' interpretation of the statute. For example, following the respondents' reasoning, had the petitioners here owned *more* assets—their residence *plus* the contiguous property—all of their property would have been excluded under N.C.G.S. § 108A-55, and they would have been entitled to Medicaid benefits. However, under the respondents' interpretation, since the petitioners have *fewer* assets—only owning the contiguous property, while renting their primary place of residence—none of their property is excluded, and they are not eligible for Medicaid benefits. Thus, in addition to judicially adding a requirement to the plain meaning of the statute, the respondents' interpretation would tend to defeat a central purpose of the Medicaid program.

The wording of N.C.G.S. § 108A-55 is clear, and it does not include a requirement that a Medicaid applicant "own" his or her primary place of residence before receiving the advantage of the statute's "contiguous property" exclusion. Accordingly, the decision of the Court of Appeals is reversed and this case is remanded to the Court of Appeals for reinstatement of the judgment of the Superior Court, Gaston County.

Reversed and remanded.