OCEAN HILL JOINT VENTURE v. NORTH CAROLINA DEPARTMENT OF ENVIRONMENT, HEALTH AND NATURAL RESOURCES, AN AGENCY OF THE STATE OF NORTH CAROLINA AND WILLIAM W. COBEY, JR., SECRETARY OF THE NORTH CAROLINA DEPARTMENT OF ENVIRONMENT, HEALTH AND NATURAL RESOURCES

No. 77PA92

(Filed 12 February 1993)

### Environmental Protection § 124 (NCI4th)— Sedimentation Pollution Control Act—civil penalty—statute of limitations inapplicable

The one-year statute of limitations of N.C.G.S. § 1-54(2) does not apply to the assessment of a civil penalty by the Secretary of the Department of Environment, Health and Natural Resources pursuant to the Pollution Sedimentation Control Act, N.C.G.S. § 113A-64(a), because the assessment of a penalty is not an "action or proceeding" as those terms are used in N.C.G.S. § 1-54. Therefore, the Court of Appeals erred in applying N.C.G.S. § 1-54(2) to bar the administrative assessment of civil penalties pursuant to N.C.G.S. § 113A-64(a).

**Am Jur 2d, Limitation of Actions § 80.**

Justice WEBB dissenting.

Justice PARKER did not participate in the consideration or decision of this case.

On discretionary review pursuant to N.C.G.S. § 7A-31(a) of the decision of the Court of Appeals, 105 N.C. App. 277, 412 S.E.2d 681 (1992), reversing judgment entered by Watts, J., in the Superior Court, Currituck County, on 31 January 1991, affirming a civil penalty ordered by the Secretary of the Department of Environment, Health and Natural Resources against Ocean Hill Joint Venture. Heard in the Supreme Court 3 November 1992.

*Hornthal, Riley, Ellis & Maland, by M.H. Hood Ellis, for petitioner-appellee.*

*Lacy H. Thornburg, Attorney General, by Daniel F. McLawhorn and Kathryn Jones Cooper, Special Deputy Attorneys General, for respondent-appellants.*

OCEAN HILL JOINT VENTURE v. N.C. DEPT. OF E.H.N.R.

[333 N.C. 318 (1993)]

FRYE, Justice.

This case presents two issues for our review. First, does N.C.G.S. § 1-54(2), a one-year statute of limitations, apply to the administrative assessment of civil penalties pursuant to N.C.G.S. § 113A-64(a)? Second, if N.C.G.S. § 1-54(2) is applicable, does it bar the assessment of civil penalties more than one year after the date of the last event giving rise to the penalty? Because we conclude that N.C.G.S. § 1-54(2) is not applicable to the assessment of civil penalties by an administrative agency, we do not reach the second issue.

The facts are not in dispute. On 3 February 1987, personnel of the Department of Natural Resources and Community Development [NRCD, hereinafter referred to as "DEHNR" or "the Department"][1] inspected a construction project in Currituck County owned by Ocean Hill Joint Venture (Ocean Hill). The Department sent a Notice of Violation to Ocean Hill for various violations of the Sedimentation Pollution Control Act of 1973 [hereinafter referred to as "SPCA" or "the Act"], N.C.G.S. §§ 113A-50 to -66 (1989). The notice set deadlines for compliance with the Act and was received by Ocean Hill on 25 February 1987. An inspection of the site on 4 March 1987 revealed an additional violation of the Act for which the Department sent a Notice of Additional Violations on 20 March 1987. Although Ocean Hill submitted an erosion and sedimentation control plan on 9 March 1987, the Department sent it a Notice of Continuing Violations on that same date because other corrective measures had not been taken. On 1 May 1987, the Director of the Division of Land Resources notified Ocean Hill that a civil penalty would be assessed against it. For purposes of assessing the penalty, the Director determined that the site was in violation of the Act from 25 February through 22 May 1987.

On 10 January 1990, pursuant to N.C.G.S. § 113A-64(a) and acting pursuant to a delegation of authority under 15A NCAC 4C .0003 (1988), the Director assessed a civil penalty against Ocean Hill for one hundred dollars per day for the eighty-seven-day period during which Ocean Hill was in violation of the Act, totalling eight thousand seven hundred dollars. On 13 March 1990 Ocean Hill

---

1. NRCD was the predecessor agency to the Department of Environment, Health and Natural Resources (DEHNR). NRCD was merged into a new agency, DEHNR, on 1 July 1989 and its duties transferred to DEHNR. 1989 N.C. Sess. Laws ch. 727. Section 227 of Chapter 727 ratified the actions of NRCD taken prior to the change and adopted them as actions of DEHNR.

responded by filing a petition for a contested case hearing with the Office of Administrative Hearings pursuant to N.C.G.S. § 150B-23 and 15 NCAC 4C .0008. On 16 May 1990 Ocean Hill moved for summary judgment on the ground that the 10 January 1990 civil penalty was barred by N.C.G.S. § 1-54(2), the one-year statute of limitations. On 1 June 1990 the Administrative Law Judge entered an order denying this motion. The parties entered into a Consent Order and Final Decision in which they agreed that six thousand ninety dollars would be a fair settlement of the amount in controversy should it be determined that the civil penalties were assessed in a timely fashion. The Secretary of DEHNR adopted the Consent Order and Final Decision as the final agency decision and expressly reserved the right of Ocean Hill to seek judicial review of the applicability of N.C.G.S. § 1-54(2). The parties agreed that if no timely appeal was taken or if the issue was decided adversely to Ocean Hill on review, Ocean Hill would pay as a penalty the amount upon which the parties agreed.

Ocean Hill filed a petition for judicial review in superior court, as authorized by N.C.G.S. § 150B-45. The matter was heard before Judge Thomas S. Watts at the 14 January 1991 Civil Session of Superior Court, Currituck County. Judge Watts affirmed the Consent Order and Final Decision after determining that N.C.G.S. § 1-54(2) "does not apply to the assessment of a civil penalty by the Secretary of the Department pursuant to G.S. 113A-64(a)." On appeal, the Court of Appeals reversed, holding that the one-year statute of limitations 1) applies to administrative actions taken pursuant to N.C.G.S. § 113A-64(a), and 2) bars the assessment of a civil penalty more than one year after the date of the last violation. *Ocean Hill*, 105 N.C. App. at 283, 412 S.E.2d at 685. Thus, the Court of Appeals reversed both the trial court and the Administrative Law Judge and remanded for entry of an order dismissing the assessment. DEHNR's petitions for writ of supersedeas and for discretionary review were allowed by this Court on 21 April 1992. We now reverse the Court of Appeals.

N.C.G.S. § 1-54 prescribes a statute of limitations as follows:

Within one year an action or proceeding—

. . .

(2) Upon a statute, for a penalty or forfeiture, where the action is given to the State alone . . . except where the statute imposing it prescribes a different limitation.

**OCEAN HILL JOINT VENTURE v. N.C. DEPT. OF E.H.N.R.**

[333 N.C. 318 (1993)]

N.C.G.S. § 1-54(2) (1983). Clearly, a prerequisite for application of N.C.G.S. § 1-54 is that there must be an "action or proceeding." The Court of Appeals concluded that the administrative agency's assessment of civil penalties under the SPCA constitutes an "action or proceeding" within the meaning of N.C.G.S. § 1-54. After careful review of the precise language of the statute and the definitions found in Chapter 1 of the North Carolina General Statutes, we reach the opposite conclusion.

An "action" as defined in N.C.G.S. § 1-2 "is an ordinary proceeding in a court of justice . . . ." (Emphasis added.) Although "proceeding" itself is not defined in Chapter 1, the terms "ordinary proceeding" and "special proceeding" are both used. The definition of "action" encompasses "ordinary" proceedings while a "special proceeding" includes every other remedy in a court of justice. *See* N.C.G.S. §§ 1-1 to 1-3 (1983); *see also Tate v. Powe*, 64 N.C. 644 (1870). From these definitions we conclude that, as the term is used in Chapter 1 of the General Statutes, a "proceeding," like an "action," must take place in a court of justice.

We have recognized that "[a]rticle IV, section 3 of the Constitution contemplates that discretionary judicial authority may be granted to an agency when reasonably necessary to accomplish the agency's purposes." *In the Matter of Appeal from the Civil Penalty Assessed for Violations of the SPCA*, 324 N.C. 373, 379, 379 S.E.2d 30, 34 (1989). However, an agency so empowered is not a part of the "general court of justice." N.C. Const. art. IV, § 2. In fact, "[a]ppeals from administrative agencies shall be to the general court of justice." N.C. Const. art. IV, § 3 (emphasis added). Thus, the grant of limited judicial authority to an administrative agency does not transform the agency into a court for purposes of the statute of limitations. The issuance, by the agency, of a notice of civil penalty is not the institution of an action or proceeding in a court. Rather, the notice gives rise to the right of a person against whom the penalty has been assessed to institute a contested case proceeding under the Administrative Procedure Act. N.C.G.S. § 150B-22 (1991).

In concluding that N.C.G.S. § 1-54(2) applies to the assessment of civil penalties under the SPCA, the Court of Appeals relied, in part, on *Holley v. Coggin Pontiac*, 43 N.C. App. 229, 259 S.E.2d 1, *disc. review denied*, 298 N.C. 806, 261 S.E.2d 919 (1979). In *Holley* the court held that the one-year statute of limitations in

OCEAN HILL JOINT VENTURE v. N.C. DEPT. OF E.H.N.R.

[333 N.C. 318 (1993)]

N.C.G.S. § 1-54(2) did not apply to the treble damages provision of the Unfair Trade Practices Statute. *Id.* at 234-35, 259 S.E.2d at 5. In reaching its decision, the Court of Appeals contrasted the treble damages provision in N.C.G.S. § 75-16 with the civil penalty provision in N.C.G.S. § 75-15.2, which would be subject to the one-year statute of limitations in N.C.G.S. § 1-54(2). Not only is *Holley* inapplicable because the court was addressing a different issue than the one before us, it is also inapplicable because the civil penalty assessment procedure was different from that in the instant case. The civil penalty provision in N.C.G.S. § 75-15.2 provided that the court in its discretion may impose a civil penalty against a violator of the Unfair Trade Practices Statute where suit has been instituted by the Attorney General. N.C.G.S. § 75-15.2 (1977). Clearly, there is an "action or proceeding" as contemplated by N.C.G.S. § 1-54(2) in that instance. Similarly, in *Hewlett v. Nutt*, cited by the Court of Appeals in *Holley*, this Court held that an action against a court clerk for a penalty, if not brought within one year, is barred by the limitations provision of N.C.G.S. § 1-54(2). *Hewlett*, 79 N.C. 202, 204 (1878). In contrast, the civil penalty at issue in the instant case was established by an administrative agency, not by court action. Thus, neither *Holley* nor *Hewlett* applies.

Ocean Hill argues that to focus on the "action or proceeding" language in N.C.G.S. § 1-54 or on whether an administrative agency is a court is to focus on form rather than substance and reality. Ocean Hill contends that the focus should be on whether or not the assessment was upon a statute for a penalty given to the State alone. We disagree. We are, of course, bound by the language of the statute. *See Correll v. Division of Social Services*, 332 N.C. 141, 418 S.E.2d 232 (1992). "Statutory interpretation properly begins with an examination of the plain words of the statute." *Id.* at 144, 418 S.E.2d at 235. By its express terms, N.C.G.S. § 1-54 applies to an "action or proceeding." We cannot ignore this language. The statute makes no reference to the "assessment" of a penalty. The question is whether the assessment of a penalty by an administrative agency is an "action or proceeding" as those terms are used in this statute of limitations. We observe, as did the Court of Appeals, that "a statute of limitations should not be applied to cases not clearly within its provisions." *Carolina Beach Fishing Pier v. Town of Carolina Beach*, 274 N.C. 362, 372, 163 S.E.2d 363, 370 (1968). In addition, we note that in light of the common law immunity

**OCEAN HILL JOINT VENTURE v. N.C. DEPT. OF E.H.N.R.**

[333 N.C. 318 (1993)]

held by the sovereign, statutes of limitation which run against the State must be strictly construed. *See Rowan Co. Bd. of Education v. U.S. Gypsum Co.*, 332 N.C. 1, 418 S.E.2d 648 (1992); *State v. West*, 293 N.C. 18, 235 S.E.2d 150 (1977). Thus, we believe that our focus on the precise language of the statute is proper and does not elevate form over substance.

Although N.C.G.S. § 1-54 may apply[2] to a civil action by the State to collect unpaid civil penalty assessments, it cannot, by its terms, apply unless there is an "action or proceeding." There cannot be an action or proceeding, as those terms are used in Chapter 1 of the General Statutes, until a cause of action accrues. A cause of action generally accrues when "the right to institute and maintain a suit arises." *Thurston Motor v. General Motors*, 258 N.C. 323, 325, 128 S.E.2d 413, 415 (1962). "In no event can a statute of limitations begin to run until plaintiff is entitled to institute action." *Raftery v. Construction Co.*, 291 N.C. 180, 183, 230 S.E.2d 405, 407 (1976). The State, as plaintiff, is entitled to institute an action to collect a penalty assessed under the SPCA only after the amount of the penalty has been determined by the Secretary, demand for payment has been made, and no payment is received or equitable settlement reached within thirty days of the demand. N.C.G.S. § 113A-64(a)(2). Only then can the Attorney General file an action to collect the penalty. *Id.*

We note in passing that an aspect of this issue has been addressed on similar facts by several federal courts. Although there is a split among the circuits,[3] we believe the better view was announced in *United States v. Meyer*, 808 F.2d 912 (1st Cir. 1987). In *Meyer* the First Circuit determined that the five-year statute of limitations in 28 U.S.C. § 2462 did not begin to run until a civil penalty was imposed under the Export Administration Act's

---

2. N.C.G.S. § 113-64(a) was amended in 1991 to include a three-year statute of limitations on the State's ability to institute an action to recover unpaid civil penalties assessed pursuant to the Act. 1991 N.C. Sess. Laws ch. 725, § 5. Thus, while the general one-year statute of limitations might have been applicable to actions to recover unpaid civil penalties prior to the 1991 amendment, the internal three-year statute of limitations now controls. N.C.G.S. § 1-54(2).

3. The split among the Circuits is represented by the decisions of the Fifth Circuit in *United States v. Core Laboratories, Inc.*, 759 F.2d 480 (5th Cir. 1985), and the First Circuit in *United States v. Meyer*, 808 F.2d 912 (1st Cir. 1987).

(EAA) antiboycott regulations.[4] Like the version of the SPCA at issue here, the EAA prescribed no time limits within which either the final administrative penalties under the Act had to be assessed or a suit to enforce the penalty had to be brought. However, similar to our general one-year statute of limitations, 28 U.S.C. § 2462 prescribed a general five-year statute of limitations for an "action, suit, or proceeding for the enforcement of any civil fine, penalty or forfeiture." In reaching its conclusion that the five-year statute of limitations began to run only after the penalty had been administratively assessed, the court observed that, otherwise, the statute of limitations would have expired before the government's right to sue even arose. The court opined that "[s]uch a self-abnegating result would be thoroughly unacceptable." *Id.* at 919. The *Meyer* court also observed that the distinguishing feature in the case before it and in *Crown Coat Front Co. v. United States,* 386 U.S. 503, 18 L. Ed. 2d 256 (1967), was "the necessity for allowing an administrative proceeding to run its course as a precondition to the commencement of suit." *Meyer,* 808 F.2d at 920. That feature is present in this case as well.

We note that the parties in *Meyer* conceded that the statute of limitations, as applied to the EAA, at least required that administrative action be initiated within five years of the alleged violation. *Meyer,* 808 F.2d at 914. Since administrative action was initiated within that five-year period, the court did not discuss whether the statute of limitations, as applied to the EAA, did in fact include such a requirement. Rather, the court merely observed that such a view was reasonable as a matter of policy. *Id.* No such concession was made by the parties in this case. In fact, that is the issue presently before us.

We conclude that the one-year statute of limitations contained in N.C.G.S. § 1-54(2) does not apply to the assessment of a civil penalty by the Secretary of DEHNR pursuant to N.C.G.S. § 113A-64(a) because the assessment of the penalty is not an "action or proceeding" as those terms are used in N.C.G.S. § 1-54. Therefore the Court of Appeals erred in applying N.C.G.S. § 1-54(2) to bar the administrative assessment of civil penalties pursuant to N.C.G.S. § 113-64(a). The decision of the Court of Appeals is therefore reversed.

---

4. The regulations of the Export Administration Act (EAA) at issue in *Meyer* were codified at 50 U.S.C. app. §§ 2401-2420 (1982), as amended by the Export Administration Amendments Act, Pub.L. No. 99-64, 99 Stat. 120 (12 July 1985).

REVERSED.

Justice PARKER did not participate in the consideration or decision of this case.

Justice WEBB dissenting.

I dissent for the reasons stated by Judge Walker in the opinion of the Court of Appeals.