IN THE COURT OF APPEALS OF NORTH CAROLINA

 No. COA15-699

 Filed: 16 February 2016

N.C. Industrial Commission, I.C. No. U00037

IN THE MATTER OF HUGHES, by and through V.H. INGRAM, Administratrix of
the Estate of Hughes, Claim for Compensation Under the North Carolina Eugenics
Asexualization and Sterilization Compensation Program, Claimant-Appellant.

 ____________________________________

 No. COA15-763

 Filed: 16 February 2016

N.C. Industrial Commission, I.C. No. U00438

IN THE MATTER OF REDMOND, by and through L. NICHOLS, Administratrix of
the Estate of Redmond, Claim for Compensation Under the North Carolina Eugenics
Asexualization and Sterilization Compensation Program, Claimant-Appellant.

 ____________________________________

 No. COA15-829

 Filed: 16 February 2016

N.C. Industrial Commission, No. U00750

IN THE MATTER OF SMITH, Claim for Compensation Under the North Carolina
Eugenics Asexualization and Sterilization Compensation Program, Claimant-
Appellant.

 Appeal by Claimant-Appellant Hughes, by and through V.H. Ingram,

Administratrix of the Estate of Hughes, from amended decision and order entered 28

April 2015 by the North Carolina Industrial Commission. Appeal by Claimant-

Appellant Redmond, by and through L. Nichols, Administratrix of the Estate of
 IN RE HUGHES; IN RE REDMOND; IN RE SMITH

 Opinion of the Court

Redmond, from decision and order entered 27 April 2015 by the North Carolina

Industrial Commission. Appeal by Claimant-Appellant Smith from decision and

order entered 7 May 2015 by the North Carolina Industrial Commission. Heard in

the Court of Appeals 16 November 2015.

 Pressly, Thomas & Conley, PA, by Edwin A. Pressly; and UNC Center for Civil
 Rights, by Elizabeth McLaughlin Haddix, for Claimant-Appellants.

 Attorney General Roy Cooper, by Assistant Attorney General Marc X. Sneed, for
 North Carolina Department of Justice, Tort Claims Section.

 McGEE, Chief Judge.

 Ms. Hughes (“Hughes”), Ms. Redmond (“Redmond”), and Mr. Smith (“Smith”)1

were all “sterilized involuntarily under the authority of the Eugenics Board of North

Carolina in accordance with Chapter 224 of the Public Laws of 1933 or Chapter 221

of the Public Laws of 1937.” N.C. Gen. Stat. § 143B-426.50(5) (2013). Hughes died

in 1996, Redmond died in 2010, and Smith died in 2006.

 In 2013, the General Assembly enacted the Eugenics Asexualization and

Sterilization Compensation Program (“the Compensation Program”), N.C. Gen. Stat.

§ 143B-426.50 et seq., in order to provide compensation to victims of the North

Carolina Eugenics laws. Because the North Carolina Industrial Commission

(“Industrial Commission”) concluded that Hughes, Redmond and Smith were

 1 We avoid using the full names of Claimants in order to protect their anonymity.

 -2-
 IN RE HUGHES; IN RE REDMOND; IN RE SMITH

 Opinion of the Court

“asexualized involuntarily or sterilized involuntarily under the authority of the

Eugenics Board of North Carolina in accordance with Chapter 224 of the Public Laws

of 1933 or Chapter 221 of the Public Laws of 1937[,]” they were “qualified recipients”

under the Compensation Program. N.C. Gen. Stat. § 143B-426.50(5) (2013).

However, N.C. Gen. Stat. § 143B-426.50(1) limited which qualified recipients could

become successful claimants as follows: “Claimant. – An individual on whose behalf

a claim is made for compensation as a qualified recipient under this Part. An

individual must be alive on June 30, 2013, in order to be a claimant.” N.C. Gen. Stat.

§ 143B-426.50(1) (emphasis added).

 The estates of Hughes, Redmond, and Smith (“Claimants”) filed claims

pursuant to the Compensation Program. However, because Hughes, Redmond and

Smith each died before 30 June 2013, those claims were denied. Each Claimant

followed the appeals process from the initial denial of their claims to the rehearings

by deputy commissioners. Following denials by the deputy commissioners, Claimants

filed appeals to the Full Commission. N.C. Gen. Stat. § 143B-426.53 (2013).

Following denial of their claims by the Full Commission, Claimants filed notices of

appeal with this Court. Id. On appeal, Claimants argue that N.C. Gen. Stat. § 143B-

426.50(1), by limiting recovery to victims or heirs of victims living on or after 30 June

2013, violates the North Carolina and the United States Constitutions.

 -3-
 IN RE HUGHES; IN RE REDMOND; IN RE SMITH

 Opinion of the Court

 Because we conclude this Court is without jurisdiction to consider Claimants’

appeals, we must dismiss and remand to the Industrial Commission for transfer to

Superior Court, Wake County.

 According to the Compensation Program: “The [Industrial] Commission shall

determine whether a claimant is eligible for compensation as a qualified recipient

under this Part. The Commission shall have all powers and authority granted under

Article 31 of Chapter 143 of the General Statutes with regard to claims filed pursuant

to this Part.” N.C. Gen. Stat. § 143B-426.53(a) (2013). Article 31 of Chapter 143 of

the General Statutes constitutes the Tort Claims Act. According to the Tort Claims

Act: “The North Carolina Industrial Commission is hereby constituted a court for the

purpose of hearing and passing upon tort claims against the State Board of

Education, the Board of Transportation, and all other departments, institutions and

agencies of the State.” N.C. Gen. Stat. § 143-291(a) (2013). Therefore, the Industrial

Commission acts as a court when determining whether claimants under the

Compensation Program meet the criteria for compensation.

 Claimants argue that N.C. Gen. Stat. § 143B-426.50(1)

 violates the guarantees to equal protection and due process
 under Article 1, Section 19 of the Constitution of the State
 of North Carolina and the Fourteenth Amendment to the
 Constitution of the United States because there is no
 rational basis to deny compensation to an otherwise
 qualified claimant who dies before June 20, 2013 while
 granting compensation to the heirs of a qualified claimant
 who dies after June 30, 2013.

 -4-
 IN RE HUGHES; IN RE REDMOND; IN RE SMITH

 Opinion of the Court

 The General Assembly, by statute enacted in 2014, created a new procedure

and venue for facial constitutional challenges of its enactments. N.C. Gen. Stat. § 1-

267.1 states in relevant part:

 [A]ny facial challenge to the validity of an act of the
 General Assembly shall be transferred pursuant to G.S.
 1A-1, Rule 42(b)(4), to the Superior Court of Wake County
 and shall be heard and determined by a three-judge panel
 of the Superior Court of Wake County, organized as
 provided by subsection (b2) of this section.

N.C. Gen. Stat. § 1-267.1(a1) (2014) (emphasis added). The General Assembly had

the authority to limit jurisdiction in this manner.2 N.C. Gen. Stat. § 1-267.1 further

states in relevant part:

 No order or judgment shall be entered . . . [that] finds that
 an act of the General Assembly is facially invalid on the
 basis that the act violates the North Carolina Constitution
 or federal law, except by a three-judge panel of the Superior
 Court of Wake County organized as provided by subsection
 (b) or subsection (b2) of this section.

N.C. Gen. Stat. § 1-267.1 (c); see also N.C. Gen. Stat. § 1-81.1 (a1) (2014) (“Venue lies

exclusively with the Wake County Superior Court with regard to any claim seeking

an order or judgment of a court, either final or interlocutory, to restrain the

 2 “Except as otherwise provided by the General Assembly, the Superior Court shall have
original general jurisdiction throughout the State.” N.C. Const. art. IV, § 12(3). “The General
Assembly may make rules of procedure and practice for the Superior Court and District Court
Divisions[.]” N.C. Const. art. IV, § 13(2). The General Assembly also has the authority to prescribe
the appellate jurisdiction of this Court. N.C. Const. art. IV, § 12(2) (“The Court of Appeals shall have
such appellate jurisdiction as the General Assembly may prescribe.”).

 -5-
 IN RE HUGHES; IN RE REDMOND; IN RE SMITH

 Opinion of the Court

enforcement, operation, or execution of an act of the General Assembly, in whole or

in part, based upon an allegation that the act of the General Assembly is facially

invalid on the basis that the act violates the North Carolina Constitution or federal

law. Pursuant to G.S. 1–267.1(a1) and G.S. 1–1A, Rule 42(b)(4), claims described in

this subsection that are filed or raised in courts other than Wake County Superior

Court or that are filed in Wake County Superior Court shall be transferred to a three-

judge panel of the Wake County Superior Court if, after all other questions of law in

the action have been resolved, a determination as to the facial validity of an act of the

General Assembly must be made in order to completely resolve any issues in the

case.”) (emphasis added).

 These provisions became law, and thus effective, on 7 August 2014. 2014 N.C.

Sess. Laws, ch. 100, § 18B.16(f) (“The remainder of this section is effective when it

becomes law and applies to any claim filed on or after that date or asserted in an

amended pleading on or after that date that asserts that an act of the General

Assembly is either facially invalid or invalid as applied to a set of factual

circumstances on the basis that the act violates the North Carolina Constitution or

federal law.”). N.C. Gen. Stat. § 1A-1, Rule 42(b)(4) states:

 Pursuant to G.S. 1-267.1, any facial challenge to the
 validity of an act of the General Assembly, other than a
 challenge to plans apportioning or redistricting State
 legislative or congressional districts, shall be heard by a
 three-judge panel in the Superior Court of Wake County if
 a claimant raises such a challenge in the claimant’s

 -6-
 IN RE HUGHES; IN RE REDMOND; IN RE SMITH

 Opinion of the Court

 complaint or amended complaint in any court in this State,
 or if such a challenge is raised by the defendant in the
 defendant’s answer, responsive pleading, or within 30 days
 of filing the defendant’s answer or responsive pleading. In
 that event, the court shall, on its own motion, transfer that
 portion of the action challenging the validity of the act of
 the General Assembly to the Superior Court of Wake
 County for resolution by a three-judge panel if, after all
 other matters in the action have been resolved, a
 determination as to the facial validity of an act of the
 General Assembly must be made in order to completely
 resolve any matters in the case. The court in which the
 action originated shall maintain jurisdiction over all
 matters other than the challenge to the act’s facial validity
 and shall stay all matters that are contingent upon the
 outcome of the challenge to the act’s facial validity pending
 a ruling on that challenge and until all appeal rights are
 exhausted. Once the three-judge panel has ruled and all
 appeal rights have been exhausted, the matter shall be
 transferred or remanded to the three-judge panel or the
 trial court in which the action originated for resolution of
 any outstanding matters, as appropriate.

N.C. Gen. Stat. § 1A-1, Rule 42(b)(4) (2014) (emphasis added). Pursuant to N.C. Gen.

Stat. § 143B-426.53(a), in the matters before us “[t]he Commission shall have all

powers and authority granted under Article 31 of Chapter 143 of the General Statutes

with regard to claims filed pursuant to this Part.” Pursuant to Article 31 of Chapter

143:

 The Industrial Commission is hereby authorized and
 empowered to adopt such rules and regulations as may, in
 the discretion of the Commission, be necessary to carry out
 the purpose and intent of this Article. The North Carolina
 Rules of Civil Procedure and Rules of Evidence, insofar as
 they are not in conflict with the provisions of this Article,
 shall be followed in proceedings under this Article.

 -7-
 IN RE HUGHES; IN RE REDMOND; IN RE SMITH

 Opinion of the Court

N.C. Gen. Stat. § 143-300 (2013) (emphasis added). We disagree with the dissenting

opinion’s conclusion that Rule 42(b)(4) does not apply in the matters before us.

 The dissenting opinion contends that “it could be argued that G.S. 1-267.1 only

applies to actions and proceedings in the general court of justice. See, e.g., N.C. Gen.

Stat. § 1-1.” We are in agreement that the Industrial Commission is not a part of the

Judicial Branch. However, N.C. Gen. Stat. § 1-1 simply states: “Remedies in the

courts of justice are divided into – (1) Actions[,] [ and] (2) Special proceedings.” N.C.

Gen. Stat. § 1-1 (2013). We are not convinced that N.C. Gen. Stat. § 1-1, or any other

provision in Chapter 1 serves to prevent the application of N.C. Gen. Stat. § 1-267.1

to the matters before us.

 The dissenting opinion cites Ocean Hill v. N.C. DEHNR for the proposition

that “the grant of limited judicial authority to an administrative agency does not

transform the agency into a court for purposes of the statute of limitations.” Ocean

Hill Joint Venture v. N.C. Dept of E.H.N.R., 333 N.C. 318, 321, 426 S.E.2d 274, 276

(1993); see also In re Twin County Motorsports, 367 N.C. 613, 766 S.E.2d 832 (2014).

Our Supreme Court in Ocean Hill simply held that because the relevant statute of

limitations provision, N.C. Gen. Stat. § 1-54(2) only applied to “actions” or

“proceedings” in the general court of justice, and because an Executive Branch agency

is not a part of the general court of justice, N.C. Gen. Stat. § 1-54(2) did not apply to

matters decided by the Office of Administrative Hearings. This holding in Ocean Hill

 -8-
 IN RE HUGHES; IN RE REDMOND; IN RE SMITH

 Opinion of the Court

does not stand for the proposition that no provisions of Chapter 1 can ever apply to

matters heard outside the general court of justice. In fact, this Court has applied

provisions from Chapter 1 to matters heard by the Industrial Commission. See

Sellers v. FMC Corp., 216 N.C. App. 134, 139, 716 S.E.2d 661, 665 (2011), disc. review

denied, 366 N.C. 250, 731 S.E.2d 429 (2012) (applying N.C. Gen. Stat. § 1–278);

Parsons v. Board of Education, 4 N.C. App. 36, 42, 165 S.E.2d 776, 780 (1969)

(applying N.C. Gen. Stat. § 1-139).

 As there is nothing in N.C. Gen. Stat. § 1-267.1 limiting its application to

actions or proceedings conducted in the general court of justice, and as there is no

logical reason why a facial challenge to an act of the General Assembly would be

reviewed differently depending on whether it was brought before the Industrial

Commission or a court of the Judicial Branch, we hold that N.C. Gen. Stat. § 1-267.1

applies to the matters before us. Because, pursuant to N.C. Gen. Stat. § 143B-

426.53(a) and the Tort Claims Act, the Industrial Commission has been constituted

as a court for resolution of the matters before us, N.C. Gen. Stat. § 1-267.1 and other

relevant provisions apply, so long as the facial challenges in these matters were

included in pleadings or amended pleadings filed on or after 7 August 2014.

 We must also address the dissenting opinion’s argument concerning this

Court’s appellate jurisdiction. N.C. Gen. Stat. § 7A-26 is a statute granting general

appellate jurisdiction and cannot serve to broaden the jurisdiction of this Court if that

 -9-
 IN RE HUGHES; IN RE REDMOND; IN RE SMITH

 Opinion of the Court

jurisdiction has been curtailed or rescinded by another, more specific, statute. See In

re Vandiford, 56 N.C. App. 224, 226-27, 287 S.E.2d 912, 913-14 (1982). State v.

Colson, 274 N.C. 295, 302-03, 163 S.E.2d 376, 381 (1968), relied on by the dissenting

opinion, has been abrogated by statute, specifically N.C. Gen. Stat. § 1-267.1 and N.C.

Gen. Stat. § 1-1A, Rule 42(b)(4), so far as a facial challenge to an enactment of the

General Assembly, such as the one before us, is concerned. N.C. Gen. Stat. § 143B-

426.53(f), the statute granting a right of appeal from the denial of a claim pursuant

to the Compensation Program, stated: “Appeals under this section shall be in

accordance with the procedures set forth in G.S. 143-293[.]” N.C. Gen. Stat. § 143B-

426.53(f) (2013). N.C. Gen. Stat. § 143-293, which concerns appeals from the

Industrial Commission when acting as a court for the purposes of the Tort Claims

Act, states: “appeal shall be for errors of law only under the same terms and

conditions as govern appeals in ordinary civil actions[.]” N.C. Gen. Stat. § 143-293

(2013). N.C. Gen. Stat. § 7A-27 is the statute governing appeals of right in ordinary

civil actions.3 For this reason, N.C. Gen. Stat. § 7A-29(a), which applies generally to

appeals from the Industrial Commission and other administrative agencies, does not

apply to the present appeal.

 3We note that because, pursuant to N.C. Gen. Stat. § 143B-426.53(f) and N.C. Gen. Stat. §
143-293, N.C. Gen. Stat. § 7A-27 controls the appeal in this matter, the Industrial Commission must
be included when N.C. Gen. Stat. § 7A-27 refers to “court,” “trial court,” “district court,” or “superior
court.”

 - 10 -
 IN RE HUGHES; IN RE REDMOND; IN RE SMITH

 Opinion of the Court

 We do not believe a general grant of jurisdiction to this Court to review

decisions of the Industrial Commission, or more specifically in these instances –

decisions denying compensation pursuant to the Compensation Program – can

supplant the intent of the General Assembly that “any facial challenge to the validity

of an act of the General Assembly shall be transferred pursuant to G.S. 1A-1, Rule

42(b)(4), to the Superior Court of Wake County and shall be heard and determined

by a three-judge panel of the Superior Court of Wake County[.]” N.C. Gen. Stat. § 1-

267.1(a1). The General Assembly, having provided an exclusive means of review of

facial challenges to enactments of the General Assembly based upon the North

Carolina Constitution or federal law, has thereby precluded review by other means

in the first instance.4

 Returning to the cases before us, Claimants initiated these actions by filing the

necessary claims with the North Carolina Office of Justice for Sterilization Victims.

These claims were initiated prior to 7 August 2014, and all three claims were first

denied by the Industrial Commission based on the fact that Hughes, Redmond, and

Smith had all died before 30 June 2013 and therefore did not qualify as claimants

 4 The situation before us is analogous to the failure to follow the procedural mandates provided
by the General Assembly for challenges to administrative decisions. See Justice for Animals, Inc. v.
Robeson Cty., 164 N.C. App. 366, 369, 595 S.E.2d 773, 775 (2004) (citations omitted) (“It is well-
established that ‘where the legislature has provided by statute an effective administrative remedy,
that remedy is exclusive and its relief must be exhausted before recourse may be had to the courts.’ If
a plaintiff has failed to exhaust its administrative remedies, the court lacks subject matter jurisdiction
and the action must be dismissed.”); See also Shell Island Homeowners Ass'n, Inc. v. Tomlinson, 134
N.C. App. 217, 220-21, 517 S.E.2d 406, 410 (1999).

 - 11 -
 IN RE HUGHES; IN RE REDMOND; IN RE SMITH

 Opinion of the Court

pursuant to N.C. Gen. Stat. § 143B-426.50(1) (2013) (“Claimant. – An individual on

whose behalf a claim is made for compensation as a qualified recipient under this

Part. An individual must be alive on June 30, 2013, in order to be a claimant.”).

 Each Claimant appealed the rejection of their claim according to the

procedures set forth pursuant to the Compensation Program. However, because the

Industrial Commission is not part of the judicial branch, it could not have made any

determinations concerning a statute’s constitutionality. Carolinas Med. Ctr. v.

Employers & Carriers Listed In Exhibit A, 172 N.C. App. 549, 553, 616 S.E.2d 588,

591 (2005) (citations omitted) (“It is a ‘well-settled rule that a statute’s

constitutionality shall be determined by the judiciary, not an administrative board.’”).

For this reason, in their appeals from the decisions of the deputy commissioners, the

attorneys representing the estates of Redmond and Smith included motions to certify

the constitutional questions relevant to those appeals to this Court. The estate of

Hughes, apparently operating without benefit of an attorney at the time, filed its

appeal to the Full Commission without any motion to address the constitutional

issues. The current attorney for the Hughes estate petitioned this Court for a writ of

certiorari, which was granted 9 November 2015, in order to include the appeal of the

Hughes estate along with those of the Redmond and Smith estates for consideration

of their constitutional challenges.

 - 12 -
 IN RE HUGHES; IN RE REDMOND; IN RE SMITH

 Opinion of the Court

 We hold that the motions in COA15-763 and COA15-829 to certify

constitutional questions to this Court and the petition for writ of certiorari in COA15-

699, all of which were sought and granted following the 7 August 2014 effective date

of N.C. Gen. Stat. § 1-267.1(a1), constituted claims

 asserted in an amended pleading on or after [7 August
 2014] that assert[ed] that an act of the General Assembly
 [N.C. Gen. Stat. § 143B-426.50(1)] is either facially invalid
 or invalid as applied to a set of factual circumstances on
 the basis that the act violates the North Carolina
 Constitution or federal law.

2014 N.C. Sess. Laws, ch.100, § 18B.16(f). For this reason, the appropriate procedure

is for the Industrial Commission, sua sponte if necessary, to “transfer that portion of

the action challenging the validity of the act of the General Assembly to the Superior

Court of Wake County for resolution by a three-judge panel[.]” N.C. Gen. Stat. § 1A-

1, Rule 42(b)(4).

 We dismiss Claimants’ appeals, and remand to the Industrial Commission for

transfer to the Superior Court of Wake County those portions of the actions

challenging the constitutional validity of N.C. Gen. Stat. § 143B-426.50(1) for

resolution by a three-judge panel pursuant to N.C. Gen. Stat. 1A-1, Rule 42(b)(4).

The Industrial Commission may take any additional action, in accordance with the

law, that it deems prudent or necessary to facilitate transfer.

 DISMISSED AND REMANDED.

 Judge DAVIS concurs.

 - 13 -
 IN RE HUGHES; IN RE REDMOND; IN RE SMITH

 Opinion of the Court

Judge DILLON dissents by separate opinion.

 -2-
 No. COA15-699 – IN THE MATTER OF HUGHES; No. COA15-763 – IN THE
 MATTER OF REDMOND; No. COA15-829 – IN THE MATTER OF SMITH

 DILLON, Judge, dissenting.

 The majority concludes that N.C. Gen. Stat. § 1-267.1 (in which our General

Assembly created “the three-judge panel” to consider facial constitutional challenges)

abrogates our Court’s appellate jurisdiction to consider the facial constitutional

arguments raised in the present appeals. I believe, however, that we do have the

appellate jurisdiction to consider the facial challenge arguments raised by these

appellants. Therefore, I respectfully dissent.

 The North Carolina Constitution provides that “[t]he Court of Appeals shall

have such appellate jurisdiction as the General Assembly may prescribe.” N.C.

Const. Art. IV, § 12(2).

 The General Assembly has empowered the Court of Appeals with “jurisdiction

to review upon appeal decisions . . . of administrative agencies, upon matters of law

or legal inference, in accordance with the system of appeals provided in this Article

[5].” N.C. Gen. Stat. § 7A-26 (2014) (emphasis added). Clearly, a facial challenge to

a law is a matter of law or legal inference. See State v. Colson, 274 N.C. 295, 302-03,

163 S.E.2d 376, 381 (1968) (stating that “cases involving a substantial constitutional

question are appealable in the first instance to the intermediate appellate court and

then to the highest court as a matter of right”) (emphasis added).

 The General Assembly has provided in Article 5 that an “appeal of right lies

directly to the Court of Appeals” “[f]rom any final order or decision of . . . the North
 IN RE HUGHES

 DILLON, J., dissenting

Carolina Industrial Commission[.]” N.C. Gen. Stat. § 7A-29(a) (2014) (emphasis

added).

 Additionally, the General Assembly provided in the Compensation Program

legislation that an unsuccessful claimant may appeal the Industrial Commission’s

denial of a claim to the Court of Appeals. N.C. Gen. Stat. § 143B-426.53(f) (2014).

 The General Assembly has placed a limitation in Article 5 on our Court’s

consideration of facial challenges. Specifically, Article 5 provides that a litigant no

longer has an “appeal of right” to the Court of Appeals in the limited context where

the trial division has held “that an act of the General Assembly is facially invalid

[based on our State Constitution or federal law],” but rather a litigant’s appeal in this

limited context “lies of right directly to the Supreme Court[.]” N.C. Gen. Stat. § 7A-

27(a1) (2014).5

 N.C. Gen. Stat. § 7A-27(a1), however, is not implicated in these appeals since

there has not been any order holding that the Compensation Program is facially

invalid. Indeed, the Industrial Commission is without authority even to consider the

challenge. See Meads v. N.C. Dep’t. of Agric., 349 N.C. 656, 670, 509 S.E.2d 165, 174

 5The General Assembly has not expressly provided in N.C. Gen. Stat. § 7A-27(a1) that the
Supreme Court has exclusive appellate jurisdiction to consider the appeal from an order in the trial
division declaring a law to be facially invalid, only that the appeal of right lies with the Supreme Court
and not with this Court. It may be argued that, in this context, our Court could exercise appellate
jurisdiction through the power to grant certiorari conferred on us in Article 5 (assuming the parties
seek review here and choose not to exercise their appeal of right to the Supreme Court). However, this
argument need not be addressed here since there has been no determination in the trial division that
the Compensation Program is facially invalid.

 2
 IN RE HUGHES

 DILLON, J., dissenting

(1998) (stating the “well-settled rule that a statute’s constitutionality shall be

determined by the judiciary, not an administrative board”); Carolina Med. Ctr. v.

Employers & Carriers, 172 N.C. App. 549, 553, 616 S.E.2d 588, 591 (2005) (holding

that Industrial Commission lacks power to consider constitutional issues).

 Simply stated, these appeals are properly before us: They are from final

determinations of the Industrial Commission involving claims made under the

Compensation Program. N.C. Gen. Stat. § 143B-426.53(f) (2014). As such, we have

the appellate jurisdiction to consider any “matters of law” raised by these claimants

concerning the denial of their claims, including the matter concerning their facial

challenge to the Compensation Program. N.C. Gen. Stat. §§ 1-267.1 and 7A-27(a1)

do not provide any impediment since the appeal is not from a determination by the

trial division that the Compensation Program is facially invalid.

 It is true that “[o]rdinarily, appellate courts will not pass upon a constitutional

question unless it affirmatively appears that such question was raised and passed

upon in the trial court.”6 State v. Hudson, 281 N.C. 100, 105, 187 S.E.2d 756, 760

(1972). This Court, nonetheless, has been granted the authority to consider the

arguments raised by these claimants. For instance, the General Assembly has

 6The matter involves three appeals making a facial challenge to the Compensation Program.
In two of the appeals (In the Matter of Redmon and In the Matter of Smith), the parties expressly raised
the facial challenge before the Industrial Commission, though recognizing that the Commission lacked
authority to act on it. Nonetheless, these claimants sought to preserve the issue for appeal. In the
third appeal (In re Hughes), the claimant did not make a facial challenge at the Commission level.

 3
 IN RE HUGHES

 DILLON, J., dissenting

provided the Court of Appeals with the power “to issue . . . writs . . in the aid of its

jurisdiction, or to supervise and control the proceedings of . . . the Industrial

Commission.” N.C. Gen. Stat. § 7A-32(c) (2014). Our Supreme Court has recently

recognized our Court’s broad authority to issue such writs. State v. Stubbs, 368 N.C.

40, 42-44, 770 S.E.2d 74, 75-76 (2015). Further, in promulgating Rule 2 of our Rules

of Appellate Procedure, our Supreme Court has recognized “the residual power of our

appellate courts to consider, in exceptional circumstances, significant issues of

importance in the public interest[.]” Steingress v. Steingress, 350 N.C. 64, 66, 511

S.E.2d 298, 299 (1999) (emphasis added); see also Dogwood Dev. and Mgmt. Co., LLC

v. White Oak Transp. Co., Inc., 362 N.C. 191, 196, 657 S.E.2d 361, 364 (2008) (“Rule

2 permits the appellate courts to excuse a party’s [failure to argue an issue at the trial

level] in both civil and criminal appeals when necessary to . . . ‘expedite decision in

the public interest’”) (emphasis added).7

 7The majority suggests that the context here is analogous to the context where a party has not
exhausted its administrative remedies, in which case, courts lack subject-matter jurisdiction. The
majority quotes Justice for Animals, Inc. v. Robeson Cty., 164 N.C. App. 366, 369, 595 S.E.2d 773, 775
(2004), for the proposition that “where the legislature has provided by statute an effective
administrative remedy, that remedy is exclusive and its relief must be exhausted before recourse may
be had to the courts.” I do not believe, however, that the situations are analogous.

 In Justice for Animals, our Court was quoting the Supreme Court in Presnell v. Pell, 298 N.C.
715, 260 S.E.2d 611 (1979). In Presnell, the Supreme Court explained that exhaustion of
administrative remedies was an essential prerequisite to a court’s jurisdiction where the relevant
administrative agency was “particularly qualified for the purpose [of reviewing the issue],” and “the
legislature [by providing an administrative remedy] has expressed an intention to give the
administrative entity most concerned with a particular matter the first chance to discover and rectify
error.” Id. at 721, 260 S.E.2d at 615. Here, though, the three-judge panel is no more “particularly
qualified” than a panel of Court of Appeals judges to consider a facial challenge. I believe that the

 4
 IN RE HUGHES

 DILLON, J., dissenting

 In conclusion, the General Assembly has addressed a past injustice suffered by

many at the hands of the State. I believe that we have the appellate jurisdiction to

consider the facial challenge to the Compensation Program. And to the extent that

these claimants, or any of them, have lost their right of review of their constitutional

arguments, I believe we should, nonetheless, exercise our authority to consider them.

Otherwise, they could be deemed waived on remand.

 __________________________________________________

 Though not essential my conclusion above, I note that it could be argued that

the N.C. Gen. Stat. §§ 1-267.1 and 1A-1, Rule 42(b)(4) do not apply to Compensation

Program claims at all. Specifically, it could be argued that N.C. Gen. Stat. § 1-267.1

only applies to actions and proceedings in the general court of justice. See, e.g., N.C.

Gen. Stat. § 1-1 (2014) (“Remedies in the courts of justice are divided into . . . (1)

Actions[] [and] (2) Special proceedings.”). Our Supreme Court has so held in the

context of the statute of limitations provisions in Chapter 1. See In re Twin County

Motorsports, 367 N.C. 613, 616, 766 S.E.2d 832, 834-35 (2014) (holding that even

though an administrative agency may be clothed with some measure of judicial

authority, said agency is not part a “court of justice” and, therefore, the statute of

limitations provisions in Chapter 1 of our General Statutes do not apply). See also

present situation is more analogous to any other situation where the trial division fails to rule on a
legal issue (in which the appellate division has de novo review). In such a case, our Court is not
required to remand the issue to the trial division, but may consider the issue on appeal, though
generally we would deem the issue waived and refuse to consider it.

 5
 IN RE HUGHES

 DILLON, J., dissenting

Ocean Hill Joint Venture v. N.C. Dep’t of Env’t, Healh and Natural Res., 333 N.C.

318, 321, 426 S.E.2d 274, 276 (1993) (reversing a Court of Appeals determination that

a matter before DEHNR was an action or proceeding within N.C. Gen. Stat. § 1-54).

Also, the provisions of Subsection 8 (“Judgment”) of Chapter 1 – of which N.C. Gen.

Stat. § 1-267.1 is a part – only reference the general court of justice, and not

administrative agencies. See, e.g., N.C. Gen. Stat. § 1-208.1 (2014) (providing for the

docketing of judgments rendered in the trial division, whereas N.C. Gen. Stat. § 97-

87 provides for the docketing of awards of the Industrial Commission); id. § 1-277

(providing for appeals from the “superior or district court,” whereas appeals from the

Industrial Commission are provided for in other statutes).

 Additionally, it could be argued that the procedure in Rule 42(b)(4) (containing

the procedure for transfers to the three-judge panel) does not apply in the present

appeals. Specifically, the Rules of Civil Procedure expressly provide that the only

Industrial Commission matters which they govern are those tort claims brought

under the Tort Claims Act. N.C. Gen. Stat. § 1A-1, Rule 1 (2014) (“These rules shall

govern the procedure in the superior and district courts . . . [in civil] actions and

proceedings [and] . . . the procedure in tort actions brought before the Industrial

Commission”). See Hogan v. Cone Mills, 315 N.C. 127, 137, 337 S.E.2d 477, 483

(1985) (holding that the Rules do not apply directly to claims brought under the

 6
 IN RE HUGHES

 DILLON, J., dissenting

Worker’s Compensation Act).8 Compensation Program claims are not tort claims

against the State.

 But assuming N.C. Gen. Stat. § 1-267.1 does apply, generally, to Compensation

Program proceedings, its procedure requiring transfer to a three-judge panel was

never implicated in the Hughes appeal before this Court, as the claimant in that

matter never made any facial challenge argument below. See N.C. Gen. Stat. § 1A-1,

Rule 42(b)(4) (2014) (providing a procedure for trial courts to transfer facial

challenges to a three-judge panel only if a challenge is actually made). Regarding the

other two appeals before us, I note that those claimants did attempt to make the

facial challenge below. However, the provision in N.C. Gen. Stat. § 1-267.1 allowing

an appeal of right to the Supreme Court was never implicated since the

Compensation Program was not held to be facially invalid.

 In sum, N.C. Gen. Stat. § 1-267.1 and Rule 42 do not require that a three-judge

panel decide every facial challenge raised in the trial division. For example, Rule 42

states that a three-judge panel need not decide a facial challenge when the decision

is not necessary to the resolution of the case. However, the failure of having a three-

judge panel decide the facial challenge issue does not abrogate our Court’s appellate

jurisdiction to consider the issue in an appeal that is otherwise properly before us.

 8Though Hogan was subsequently reversed on other grounds by the Supreme Court, see 326
N.C. 476, 390 S.E.2d 136 (1990), its holding that the Rules of Civil Procedure do not apply to Worker’s
Compensation proceedings was not reversed, see Moore v. City of Raleigh, 135 N.C. App. 332, 336, 520
S.E.2d 133, 137 (1999).

 7
 IN RE HUGHES

 DILLON, J., dissenting

By way of example, suppose a defendant raises two defenses at the trial level, one of

which is a facial challenge; and suppose, further, that a trial judge grants the

defendant summary judgment based on the other defense. Our Appellate Rules allow

the defendant to raise his facial challenge argument as an alternate basis in the law

for his victory below, see N.C. R. App. P. 10(c) (allowing an appellee to propose issues

on appeal as to an alternate basis in the law). In such a case, I do not believe that

N.C. Gen. Stat. § 1-267.1 provides that a three-judge panel of our Court considering

the appeal be required to remand the facial challenge issue to a three-judge panel of

superior court judges before addressing the other issues. Rather, I believe that by

enacting N.C. Gen. Stat. § 1-267.1 the General Assembly was simply providing a

procedure whereby a facial challenge would never be left up to a single judge, but

always to a panel of jurists.

 8