McGEE, Chief Judge.
*399 Ms. Hughes ("Hughes"), Ms. Redmond ("Redmond"), and Mr. Smith ("Smith")[1] were all "sterilized involuntarily under the authority of the Eugenics Board of North Carolina in accordance with Chapter 224 of the Public Laws of 1933 or Chapter 221 of the Public Laws of 1937." N.C. Gen.Stat. § 143B-426.50(5) (2013). Hughes died in 1996, Redmond died in 2010, and Smith died in 2006.
In 2013, the General Assembly enacted the Eugenics Asexualization and Sterilization Compensation Program ("the Compensation Program"), N.C. Gen.Stat. § 143B-426.50 et seq. , in order to provide compensation to victims of the North Carolina Eugenics laws. Because the North Carolina Industrial Commission ("Industrial Commission") concluded that Hughes, Redmond and Smith were "asexualized involuntarily or sterilized involuntarily under the authority of the Eugenics Board of North Carolina in accordance with Chapter 224 of the Public Laws of 1933 or Chapter 221 of the Public Laws of 1937[,]" they were "qualified recipients" under the Compensation Program. N.C. Gen.Stat. § 143B-426.50(5) (2013). However, N.C. Gen.Stat. § 143B-426.50(1) limited which qualified recipients could become successful claimants as follows: "Claimant.-An individual on whose behalf a claim is made for compensation as a qualified recipient under this Part. An individual must be alive on June 30, 2013, in order to be a claimant." N.C. Gen.Stat. § 143B-426.50(1) (emphasis added).
*400 The estates of Hughes, Redmond, and Smith ("Claimants") filed claims pursuant to the Compensation Program. However, because Hughes, Redmond and Smith each died before 30 June 2013, those claims were denied. Each Claimant followed the appeals process from the initial denial of their claims to the rehearings by deputy commissioners. Following denials by the deputy commissioners, Claimants filed appeals to the Full Commission. N.C. Gen.Stat. § 143B-426.53 (2013). Following denial of their claims by the Full Commission, Claimants filed notices of appeal with this Court. Id. On appeal, Claimants argue that N.C. Gen. Stat. § 143B426.50(1), by limiting recovery to victims or heirs of victims living on or after 30 June 2013, violates the North Carolina and the United States Constitutions.
Because we conclude this Court is without jurisdiction to consider Claimants' appeals, we must dismiss and remand to the Industrial Commission for transfer to Superior Court, Wake County.
According to the Compensation Program: "The [Industrial] Commission shall determine whether a claimant is eligible for compensation as a qualified recipient under this Part. The Commission shall have all powers *113 and authority granted under Article 31 of Chapter 143 of the General Statutes with regard to claims filed pursuant to this Part." N.C. Gen.Stat. § 143B-426.53(a) (2013). Article 31 of Chapter 143 of the General Statutes constitutes the Tort Claims Act. According to the Tort Claims Act: "The North Carolina Industrial Commission is hereby constituted a court for the purpose of hearing and passing upon tort claims against the State Board of Education, the Board of Transportation, and all other departments, institutions and agencies of the State." N.C. Gen.Stat. § 143-291(a) (2013). Therefore, the Industrial Commission acts as a court when determining whether claimants under the Compensation Program meet the criteria for compensation.
Claimants argue that N.C. Gen.Stat. § 143B-426.50(1)
violates the guarantees to equal protection and due process under Article 1, Section 19 of the Constitution of the State of North Carolina and the Fourteenth Amendment to the Constitution of the United States because there is no rational basis to deny compensation to an otherwise qualified claimant who dies before June 20, 2013 while granting compensation to the heirs of a qualified claimant who dies after June 30, 2013.
The General Assembly, by statute enacted in 2014, created a new procedure and venue for facial constitutional challenges of its enactments. N.C. Gen.Stat. § 1-267.1 states in relevant part:
*401 [A]ny facial challenge to the validity of an act of the General Assembly shall be transferred pursuant to G.S. 1A-1, Rule 42(b)(4), to the Superior Court of Wake County and shall be heard and determined by a three-judge panel of the Superior Court of Wake County, organized as provided by subsection (b2) of this section.
N.C. Gen.Stat. § 1-267.1(a1) (2014) (emphasis added). The General Assembly had the authority to limit jurisdiction in this manner.[2] N.C. Gen.Stat. § 1-267.1 further states in relevant part:
No order or judgment shall be entered ... [that] finds that an act of the General Assembly is facially invalid on the basis that the act violates the North Carolina Constitution or federal law, except by a three-judge panel of the Superior Court of Wake County organized as provided by subsection (b) or subsection (b2) of this section.
N.C. Gen.Stat. § 1-267.1(c) ; see also N.C. Gen.Stat. § 1-81.1(a1) (2014) ( "Venue lies exclusively with the Wake County Superior Court with regard to any claim seeking an order or judgment of a court, either final or interlocutory, to restrain the enforcement, operation, or execution of an act of the General Assembly, in whole or in part, based upon an allegation that the act of the General Assembly is facially invalid on the basis that the act violates the North Carolina Constitution or federal law. Pursuant to G.S. 1-267.1(a1) and G.S. 1-1A, Rule 42(b)(4), claims described in this subsection that are filed or raised in courts other than Wake County Superior Court or that are filed in Wake County Superior Court shall be transferred to a three-judge panel of the Wake County Superior Court if, after all other questions of law in the action have been resolved, a determination as to the facial validity of an act of the General Assembly must be made in order to completely resolve any issues in the case.") (emphasis added).
These provisions became law, and thus effective, on 7 August 2014. 2014 N.C. Sess. Laws, ch. 100, § 18B.16(f) ("The remainder of this section is effective when it becomes law and applies to any claim filed on or *402 after that date or asserted in an amended pleading on or after that date that asserts that an act of the General Assembly is either facially invalid or invalid as applied to a set of factual circumstances on the basis that the act violates the North Carolina Constitution or federal *114 law."). N.C. Gen.Stat. § 1A-1, Rule 42(b)(4) states:
Pursuant to G.S. 1-267.1, any facial challenge to the validity of an act of the General Assembly, other than a challenge to plans apportioning or redistricting State legislative or congressional districts, shall be heard by a three-judge panel in the Superior Court of Wake County if a claimant raises such a challenge in the claimant's complaint or amended complaint in any court in this State, or if such a challenge is raised by the defendant in the defendant's answer, responsive pleading, or within 30 days of filing the defendant's answer or responsive pleading. In that event, the court shall, on its own motion, transfer that portion of the action challenging the validity of the act of the General Assembly to the Superior Court of Wake County for resolution by a three-judge panel if, after all other matters in the action have been resolved, a determination as to the facial validity of an act of the General Assembly must be made in order to completely resolve any matters in the case. The court in which the action originated shall maintain jurisdiction over all matters other than the challenge to the act's facial validity and shall stay all matters that are contingent upon the outcome of the challenge to the act's facial validity pending a ruling on that challenge and until all appeal rights are exhausted. Once the three-judge panel has ruled and all appeal rights have been exhausted, the matter shall be transferred or remanded to the three-judge panel or the trial court in which the action originated for resolution of any outstanding matters, as appropriate.
N.C. Gen.Stat. § 1A-1, Rule 42(b)(4) (2014) (emphasis added). Pursuant to N.C. Gen.Stat. § 143B-426.53(a), in the matters before us "[t]he Commission shall have all powers and authority granted under Article 31 of Chapter 143 of the General Statutes with regard to claims filed pursuant to this Part." Pursuant to Article 31 of Chapter 143:
The Industrial Commission is hereby authorized and empowered to adopt such rules and regulations as may, in the discretion of the Commission, be necessary to carry out the purpose and intent of this Article. The North *403 Carolina Rules of Civil Procedure and Rules of Evidence, insofar as they are not in conflict with the provisions of this Article, shall be followed in proceedings under this Article.
N.C. Gen.Stat. § 143-300 (2013) (emphasis added). We disagree with the dissenting opinion's conclusion that Rule 42(b)(4) does not apply in the matters before us.
The dissenting opinion contends that "it could be argued that G.S. 1-267.1 only applies to actions and proceedings in the general court of justice. See, e.g., N.C. Gen.Stat. § 1-1." We are in agreement that the Industrial Commission is not a part of the Judicial Branch. However, N.C. Gen.Stat. § 1-1 simply states: "Remedies in the courts of justice are divided into-(1) Actions[,] [ and] (2) Special proceedings." N.C. Gen.Stat. § 1-1 (2013). We are not convinced that N.C. Gen.Stat. § 1-1, or any other provision in Chapter 1 serves to prevent the application of N.C. Gen.Stat. § 1-267.1 to the matters before us.
The dissenting opinion cites Ocean Hill v. N.C. DEHNR for the proposition that "the grant of limited judicial authority to an administrative agency does not transform the agency into a court for purposes of the statute of limitations." Ocean Hill Joint Venture v. N.C. Dept. of E.H.N.R., 333 N.C. 318, 321, 426 S.E.2d 274, 276 (1993) ; see also In re Twin County Motorsports, 367 N.C. 613, 766 S.E.2d 832 (2014). Our Supreme Court in Ocean Hill simply held that because the relevant statute of limitations provision, N.C. Gen.Stat. § 1-54(2) only applied to "actions" or "proceedings" in the general court of justice, and because an Executive Branch agency is not a part of the general court of justice, N.C. Gen.Stat. § 1-54(2) did not apply to matters decided by the Office of Administrative Hearings. This holding in Ocean Hill does not stand for the proposition that no provisions of Chapter 1 can ever apply to matters heard outside the general court of justice. In fact, this Court has applied provisions from Chapter 1 to matters heard by the Industrial Commission. See Sellers v. FMC Corp., 216 N.C.App. 134, 139, 716 S.E.2d 661, 665 (2011), disc. review denied *115 , 366 N.C. 250, 731 S.E.2d 429 (2012) (applying N.C. Gen.Stat. § 1-278 ); Parsons v. Board of Education, 4 N.C.App. 36, 42, 165 S.E.2d 776, 780 (1969) (applying N.C. Gen.Stat. § 1-139 ).
As there is nothing in N.C. Gen.Stat. § 1-267.1 limiting its application to actions or proceedings conducted in the general court of justice, and as there is no logical reason why a facial challenge to an act of the General Assembly would be reviewed differently depending on *404 whether it was brought before the Industrial Commission or a court of the Judicial Branch, we hold that N.C. Gen.Stat. § 1-267.1 applies to the matters before us. Because, pursuant to N.C. Gen.Stat. § 143B-426.53(a) and the Tort Claims Act, the Industrial Commission has been constituted as a court for resolution of the matters before us, N.C. Gen.Stat. § 1-267.1 and other relevant provisions apply, so long as the facial challenges in these matters were included in pleadings or amended pleadings filed on or after 7 August 2014.
We must also address the dissenting opinion's argument concerning this Court's appellate jurisdiction. N.C. Gen.Stat. § 7A-26 is a statute granting general appellate jurisdiction and cannot serve to broaden the jurisdiction of this Court if that jurisdiction has been curtailed or rescinded by another, more specific, statute. See In re Vandiford, 56 N.C.App. 224, 226-27, 287 S.E.2d 912, 913-14 (1982). State v. Colson, 274 N.C. 295, 302-03, 163 S.E.2d 376, 381 (1968), relied on by the dissenting opinion, has been abrogated by statute, specifically N.C. Gen.Stat. § 1-267.1 and N.C. Gen.Stat. § 1-1A, Rule 42(b)(4), so far as a facial challenge to an enactment of the General Assembly, such as the one before us, is concerned. N.C. Gen.Stat. § 143B-426.53(f), the statute granting a right of appeal from the denial of a claim pursuant to the Compensation Program, stated: "Appeals under this section shall be in accordance with the procedures set forth in G.S. 143-293 [.]" N.C. Gen.Stat. § 143B-426.53(f) (2013). N.C. Gen.Stat. § 143-293, which concerns appeals from the Industrial Commission when acting as a court for the purposes of the Tort Claims Act, states: "appeal shall be for errors of law only under the same terms and conditions as govern appeals in ordinary civil actions [.]" N.C. Gen.Stat. § 143-293 (2013). N.C. Gen.Stat. § 7A-27 is the statute governing appeals of right in ordinary civil actions.[3] For this reason, N.C. Gen.Stat. § 7A-29(a), which applies generally to appeals from the Industrial Commission and other administrative agencies, does not apply to the present appeal.
We do not believe a general grant of jurisdiction to this Court to review decisions of the Industrial Commission, or more specifically in these instances-decisions denying compensation pursuant to the Compensation Program-can supplant the intent of the General Assembly that "any facial challenge to the validity of an act of the *405 General Assembly shall be transferred pursuant to G.S. 1A-1, Rule 42(b)(4), to the Superior Court of Wake County and shall be heard and determined by a three-judge panel of the Superior Court of Wake County[.]" N.C. Gen.Stat. § 1-267.1(a1). The General Assembly, having provided an exclusive means of review of facial challenges to enactments of the General Assembly based upon the North Carolina Constitution or federal law, has thereby precluded review by other means in the first instance.[4] *116 Returning to the cases before us, Claimants initiated these actions by filing the necessary claims with the North Carolina Office of Justice for Sterilization Victims. These claims were initiated prior to 7 August 2014, and all three claims were first denied by the Industrial Commission based on the fact that Hughes, Redmond, and Smith had all died before 30 June 2013 and therefore did not qualify as claimants pursuant to N.C. Gen.Stat. § 143B-426.50(1) (2013) ("Claimant.-An individual on whose behalf a claim is made for compensation as a qualified recipient under this Part. An individual must be alive on June 30, 2013, in order to be a claimant.").
Each Claimant appealed the rejection of their claim according to the procedures set forth pursuant to the Compensation Program. However, because the Industrial Commission is not part of the judicial branch, it could not have made any determinations concerning a statute's constitutionality. Carolinas Med. Ctr. v. Employers & Carriers Listed In Exhibit A, 172 N.C.App. 549, 553, 616 S.E.2d 588, 591 (2005) (citations omitted) ("It is a 'well-settled rule that a statute's constitutionality shall be determined by the judiciary, not an administrative board.' "). For this reason, in their appeals from the decisions of the deputy commissioners, the attorneys representing the estates of Redmond and Smith included motions to certify the constitutional questions relevant to those appeals to this Court. The estate of Hughes, apparently operating without benefit of an attorney at the time, filed its appeal to the Full Commission without any motion to address the constitutional issues. The current attorney for the Hughes estate petitioned this Court for a writ of certiorari, which was granted 9 November 2015, in order to include the appeal of *406 the Hughes estate along with those of the Redmond and Smith estates for consideration of their constitutional challenges.
We hold that the motions in COA15-763 and COA15-829 to certify constitutional questions to this Court and the petition for writ of certiorari in COA15-699, all of which were sought and granted following the 7 August 2014 effective date of N.C. Gen.Stat. § 1-267.1(a1), constituted claims
asserted in an amended pleading on or after [7 August 2014] that assert [ed] that an act of the General Assembly [ N.C. Gen.Stat. § 143B-426.50(1) ] is either facially invalid or invalid as applied to a set of factual circumstances on the basis that the act violates the North Carolina Constitution or federal law.
2014 N.C. Sess. Laws, ch.100, § 18B.16(f). For this reason, the appropriate procedure is for the Industrial Commission, sua sponte if necessary, to "transfer that portion of the action challenging the validity of the act of the General Assembly to the Superior Court of Wake County for resolution by a three-judge panel[.]" N.C. Gen.Stat. § 1A1, Rule 42(b)(4).
We dismiss Claimants' appeals, and remand to the Industrial Commission for transfer to the Superior Court of Wake County those portions of the actions challenging the constitutional validity of N.C. Gen.Stat. § 143B-426.50(1) for resolution by a three-judge panel pursuant to N.C. Gen.Stat. 1A-1, Rule 42(b)(4). The Industrial Commission may take any additional action, in accordance with the law, that it deems prudent or necessary to facilitate transfer.
DISMISSED AND REMANDED.
Judge DAVIS concurs.
Judge DILLON dissents by separate opinion.

We avoid using the full names of Claimants in order to protect their anonymity.

"Except as otherwise provided by the General Assembly, the Superior Court shall have original general jurisdiction throughout the State." N.C. Const. art. IV, § 12 (3). "The General Assembly may make rules of procedure and practice for the Superior Court and District Court Divisions[.]" N.C. Const. art. IV, § 13 (2). The General Assembly also has the authority to prescribe the appellate jurisdiction of this Court. N.C. Const. art. IV, § 12 (2) ("The Court of Appeals shall have such appellate jurisdiction as the General Assembly may prescribe.").

We note that because, pursuant to N.C. Gen.Stat. § 143B-426.53(f) and N.C. Gen.Stat. § 143-293, N.C. Gen.Stat. § 7A-27 controls the appeal in this matter, the Industrial Commission must be included when N.C. Gen.Stat. § 7A-27 refers to "court," "trial court," "district court," or "superior court."

The situation before us is analogous to the failure to follow the procedural mandates provided by the General Assembly for challenges to administrative decisions. See Justice for Animals, Inc. v. Robeson Cty., 164 N.C.App. 366, 369, 595 S.E.2d 773, 775 (2004) (citations omitted) ("It is well-established that 'where the legislature has provided by statute an effective administrative remedy, that remedy is exclusive and its relief must be exhausted before recourse may be had to the courts.' If a plaintiff has failed to exhaust its administrative remedies, the court lacks subject matter jurisdiction and the action must be dismissed."); See also Shell Island Homeowners Ass'n, Inc. v. Tomlinson, 134 N.C.App. 217, 220-21, 517 S.E.2d 406, 410 (1999).