McGEE, Chief Judge.
 

 *465
 
 The North Carolina Industrial Commission ("the Industrial Commission") found that Ms. House ("Claimant") was involuntarily sterilized on 27 November 1974. This matter was first decided by this Court on 16 February 2016.
 
 In re House
 
 , --- N.C. App. ----,
 
 782 S.E.2d 115
 
 (2016) ("
 
 House I
 
 ").
 
 [1]
 
 We held in
 
 House I
 
 that Claimant could not demonstrate that she was a qualified recipient of the Eugenics Asexualization and Sterilization Compensation Program, based upon the following:
 

 N.C. Gen. Stat. § 143B-426.50(5) sets forth two requirements that must be proven before a claimant may be considered a qualified recipient: (1) the claimant must have been involuntarily sterilized "under the authority of the Eugenics Board of North Carolina," and (2) the claimant must have been involuntarily sterilized in accordance with the procedures as set forth in "Chapter 224 of the Public Laws of 1933 or Chapter 221 of the Public Laws of 1937." N.C. Gen. Stat. § 143B-426.50(5). In the present case, unfortunately, Claimant cannot show that either of these requirements has been met.
 

 There is no record evidence that the Eugenics Board was ever informed of Claimant's involuntary sterilization, nor that it was consulted in the matter in any way. Because the language of N.C. Gen. Stat. § 143B-426.50(5) is clear, "there is no room for judicial construction, and [this Court]
 

 *466
 
 must give it its plain and definite meaning."
 
 Correll v. Division of Social Services
 
 ,
 
 332 N.C. 141
 
 , 144,
 
 418 S.E.2d 232
 
 , 235 (1992). Further, all the evidence in this matter clearly demonstrates that Claimant's involuntary sterilization was performed without adherence to the requirements set forth in "Chapter 224 of the Public Laws of 1933 or Chapter 221 of the Public Laws of 1937." N.C. Gen. Stat. § 143B-426.50(5). Therefore, we must affirm.
 

 Id.
 

 at ----
 
 ,
 

 782 S.E.2d at 120
 
 . Our Supreme Court granted Claimant's petition for discretionary review by order entered 28 September 2017, stating: "To prevent manifest injustice, the petition for discretionary review filed in [this case] is allowed for the limited purpose of remanding the case to the Court of Appeals for expedited consideration of [C]laimant's constitutional claim on the merits."
 

 *327
 
 Claimant sets forth two arguments on appeal:
 

 I. [Claimant's] Sterilization Initiated By Government Officials Had To Be Performed Under Public Law 1933, Chapter 224 In Order To Be Performed Lawfully.
 

 II. The Full Commission's Strict Construction Of
 
 N.C. Gen. Stat. § 143
 
 (b)-426.50(5) Constitutes Denial Of Compensation Benefits To [Claimant] Due To An Overly Strict and Technical Construction Of The Statute.
 

 There is nothing in Claimant's arguments, as set forth above, that indicates Claimant was attempting to make any constitutional argument on appeal. Upon a thorough additional review of Claimant's arguments on appeal, we can locate no cognizable constitutional argument. Although Claimant does state: "A person who is sterilized by the state 'is forever deprived of a basic liberty.'
 
 Skinner v. Oklahoma
 
 ,
 
 316 U.S. 535
 
 , 541 [
 
 62 S.Ct. 1110
 
 ,
 
 86 L.Ed. 1655
 
 ] (1942) [,]" this singular statement does not constitute an argument that this Court can address.
 

 Because Claimant in the present matter made no "constitutional claim" in her appeal, there is nothing for this Court to consider pursuant to the mandate of our Supreme Court's 28 September 2017 order, and we reaffirm our opinion in
 
 House I
 
 . We incorporate our opinion in
 
 House I
 
 , --- N.C. App. ----,
 
 782 S.E.2d 115
 
 , into this opinion, adopt its analysis in its entirety, and re-affirm this Court's holding in
 
 House I
 
 based upon that analysis.
 

 AFFIRMED.
 

 Judges DILLON and DAVIS concur.
 

 [1]
 

 See
 
 House I
 
 for the factual and procedural background of this case.